IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNIFUND CCR PARTNERS**                                                                                     **PLAINTIFF**

**v.**                                                  **NO. 4:06-CV-00919 GTE**

**EDMOND JOE PEAK, III**                                                           **DEFENDANT/
                                                                                               THIRD-PARTY PLAINTIFF**

**v.**

**HOSTO & BUCHAN, PLLC and
NCO FINANCIAL SYSTEMS, INC.**                                         **THIRD-PARTY DEFENDANTS**

## ORDER *SUA SPONTE* REMANDING ACTION

For the reasons stated below, the Court finds, *sua sponte*, that federal question subject matter jurisdiction over this case is lacking. The Court therefore remands this action back to the state court from which it was removed.

## PROCEDURAL BACKGROUND

On August 2, 2006, Third Party Defendant NCO Financial Systems, Inc. ("NCO") caused this action to be removed from the state court where it was then pending. As cause for the removal, NCO invokes the Court's federal question jurisdiction based upon the assertion by Defendant and Third Party Defendant Edmond Joe Peak, III ("PEAK") of a federal cause of action in his Third Party Complaint.

A review of the underlying pleadings filed in state court prior to removal reveals the

1

following:

In February of 2006, Plaintiff Unifund CCR Partners ("CCR") filed a Complaint against the Defendant Edmond Peak III.[1]  The five paragraph, two-page Complaint alleges that CCR is the assignee of an identified credit card account which Defendant PEAK obtained from Citibank Universal Card Services.  The Complaint further alleges that Defendant PEAK owes a past due balance of $9,252.18, plus interest in the sum of $7,542.50, for a total amount due of $16,794.69, plus costs, attorney's fees, and post-judgment interest.

On the face of the Complaint, there is no federal subject matter jurisdiction.

On April 10, 2006, Defendant PEAK, proceeding *pro se*, filed an Answer and Counterclaim.  Therein, PEAK acknowledges making charges to the card, states that he placed the card with a debt settlement company after he was unable to pay charges on the account, and disputes the amount owed.  PEAK also asserts a Counterclaim contending that CCR violated the Fair Debt Collection Practices Act ("FDCPA").

On May 5, 2006, Plaintiff CCR filed a pleading entitled "Answer and Motion to Dismiss."  Therein, CCR seeks the dismissal of the federal FDCPA claim pursuant to Ark. R. Civ. P. 12(b)(6).

On May 17, 2006, Defendant PEAK, still proceeding *pro se*, filed a response to Plaintiff CCR's Answer to Counterclaim and Motion to Dismiss.

On July 6, 2006, Defendant PEAK, represented by counsel, filed one pleading entitled, "Motion to Dismiss; Conditional Amended Answer; First Amended Counterclaim; Third-Party

---

[1] The Court cannot read the docket stamp on the Complaint and it is not dated.  An Affidavit attached to the Complaint is dated February 9, 2006.  An attached cover letter forwarding the summons and complaint for service is dated February 28, 2006.

Complaint." The First Amended Counterclaim and the Third Party Complaint both assert causes of action under the FDCPA, 15 U.S.C. § 1692, *et seq*. In addition to clarifying the FDCPA claim against the Plaintiff CCR, PEAK asserts the same federal cause of action against Third Party Defendants Hosto & Buchan, PLLC ("HOSTO") and NCO Financial Systems, Inc. ("NCO"). PEAK contends that the Plaintiff and Third Party Defendants are all "debt collectors" as defined by the FDCPA who have directly and through agent(s) unlawfully attempted to collect the debt at issue by letter and by phone calls.

## DISCUSSION

Because subject matter jurisdiction cannot be waived, it is the duty of this Court to consider *sua sponte* whether the pleadings filed justify the exercise of federal subject matter jurisdiction. *State of Mo. ex rel. Missouri Highway and Transp. Com'n v. Cuffley, 112* F.3d 1332, 1334 (8th Cir. 1997). When jurisdiction is found to be lacking, the Court is obligated to remand improperly removed actions back to state court. *Norwood v. Simmons*, 788 F.Supp. 1020, 1023 (W.D. Ark. 1991).

A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arises under federal law. *See* 28 U.S.C. § 1441(b). The federal courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1994). It is not enough that an issue of federal statutory or constitutional law is present in the case. The "well-pleaded complaint" rule limits federal question jurisdiction to those cases in which the plaintiff's own complaint establishes that the action arises under federal law. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust for S. California,* 463 U.S. 1, 10 (1983); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29

3

S.Ct. 42, 43, 53 L.Ed. 126 (1908).

A third party defendant lacks the authority to remove a case based on the assertion of a federal claim in a third party complaint.  *Lewis v. Windsor Door Co., a Div. of Ceco Corp.,* 926 F.2d 729, 733 (8th Cir. 1991).  As the Eighth Circuit stated in *Lewis*:

> We do not, however, believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim.  Removal on such basis is too much akin to the tail wagging the dog.

*Id*.

## CONCLUSION

Because this case was improperly removed to federal court and subject matter jurisdiction is lacking,

IT IS THEREFORE ORDERED that this case be, and it is hereby, REMANDED back to the state court from which they were removed.  The Clerk of the Court is directed to take the appropriate action to remand this case back to the Circuit Court of Pope County, Arkansas, Division Four, from which it was removed, and to do so forthwith.

IT IS SO ORDERED this   7 th   day of September, 2006.

        /s/Garnett Thomas Eisele
        UNITED STATES DISTRICT JUDGE